IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JORDAN CAMERON,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-320 HCN DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is the Substituted Motion for *Pro Hac Vice* Admission of A. Paul Heeringa.[1] A prior motion for admission "contained inadvertent clerical errors in the application" so a revised motion was submitted. The court denies the motion as set forth herein.

Local Rule 83-1.1(c) outlines the eligibility for pro hac vice admissions. Pro hac vice admission is unavailable to certain attorneys including those who are a member of the Utah State Bar or if they maintain a law office in Utah. Pro hac vice admission is also unavailable to an attorney who "has already been admitted pro hac vice in 3 unrelated cases in the previous 5 year in this district, unless the court finds good cause for the attorney not seeking admission to the Utah State Bar."[2] It is the last prohibition that is implicated here.

Mr. Heeringa has been admitted pro hac vice in *Phillips v. CHG Group, d.b.a. Choice Home Warranty*, 1:18-cv-159-DB in February 2019, *Cragun v. Boomsourcing, LLC, et al*. 2:22-cv-685-BSJ in April 2023, and in *Cameron v. American Global Obligors d.b.a. Choice Home Warranty*, 2:23-cv-128-HCN in March 2023. This is 3 cases within the previous 5 years.

---

[1] ECF No. 16.

[2] DUCivR 83-1.1(c)(1)(A)(iii).

In his application, Mr. Heeringa offers the following seeking an exception to the Local Rule. First, there was "very little activity before the courts in the prior matters in which I was previously admitted *pro hac vice* in this District."[3] This argument fails. The amount of activity in a case does not provide an exception to the rule. There is nothing in the plain language of the rule directing the court to consider the activity in a case when determining whether being admitted pro hac vice "counts" for DUCivR 83-1.1(c)(1)(A)(iii). Moreover, even if the court were to consider the activity of a case, the record indicates each of the matters were dismissed after Mr. Heeringa moved for and was granted pro hac vice admission. Such is sufficient to qualify under any putative activity standard written into the Rule by Mr. Heeringa.

Next, Mr. Heeringa argues this case is "effectively a continuation of the previous case" *Cameron* 2:23-cv-128-HCN because that case was voluntarily dismissed, and the present matter involves the same Plaintiff and the same counsel for Plaintiff. Although both cases involve the Telephone Consumer Protection Act and Mr. Cameron, the cases involve different defendants and the voluntary dismissal in the '128 case was filed after the defendants in that case moved to dismiss for a failure to state a claim. The court is not persuaded that this case is a "continuation" of the '128 case based on the respective records and thus does not count toward the limit of 3.

Finally, Mr. Heeringa argues there is good cause for him to be admitted because he

> (i) does not live or work in Utah or regularly travel to Utah (and, in fact, has only been in Utah once in his life); (ii) does not have an office in Utah; (iii) does not regularly appear or have need to regularly appear in Utah state or federal courts; (iv) mostly litigates matters based on federal claims initiated in or removed to federal courts as part of his nationwide practice; (v) has only appeared pro hac vice in matters filed in this District three other times since he was licensed to practice law in 2006 as is reflected in the accompanying application (one of which is effectively a continuation of the case at bar), and has never appeared in any Utah state court at all; (vi) is not trying to avoid registering to practice in the state of Utah and instead is merely seeking to continue representing CHW in this

---

[3] Mtn p. 4.

> matter; (vii) is in good standing in all jurisdictions where admitted and therefore would uphold the high standards of the Utah State Bar regardless; and (viii) has retained experienced and knowledgeable local counsel to assist in this case. I also intend to have another junior attorney who has either never appeared in this District or has not done so in the past 5 years file an application to appear pro hac vice and act as my co-counsel in this matter as soon as practicable.[4]

The court finds none of these reasons establish good cause for an exception. In fact, some of the stated reasons are simply requirements for being admitted pro hac vice. For example, not having an office in Utah or being in good standing in other jurisdictions. Also intending to have another junior attorney, who has never appeared in this district, serve as your co-counsel does not warrant granting the motion.[5]

Mr. Heeringa's motion for pro hac vice admission is denied pursuant to DUCivR 83-1.1(c)(1)(A)(iii).

DATED this 12 December 2023.

_____
Dustin B. Pead
United States Magistrate Judge

---

[4] *Id.* p. 5.

[5] The court notes this appears to be a repeated pattern in the other cases of listing an attorney affiliated with Mr. Heeringa on motion papers while designating them as "*pro hac vice* application forthcoming". This is followed by no application being filed. Against that record, the present promise to have co-counsel admitted carries even less weight even if it were part of the analysis when considering the Local Rule.