THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JORDAN CAMERON, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY, a New Jersey corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-00320-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Motion to Expedite Consideration of Plaintiff's Motion to Quash Subpoenas.[1] As set forth herein, the court will deny the Motion.

On May 28, 2025, Plaintiff filed a Motion to Expedite Consideration of Plaintiff's Motion to Quash Subpoenas. The same day, in fact one minute later,[2] Plaintiff filed a Request to Submit providing "No response and no reply have been filed, and Plaintiff requests that the Motion, …., be decided without waiting for a response."[3] The alleged justification for not even waiting for a response from Defendant before deciding the motion is the underlying Motion to Quash. That Motion pertains to subpoenas which require a response by June 13, 2025.

This is the second time Plaintiff has followed a unilateral litigation approach – i.e. file a motion and within minutes file a Request to Submit without allowing adequate time for the other

---

[1] ECF No. 58.

[2] The Notice of Electronic Filings show the Motion to Expedite was filed at 3:02 PM and the Request to Submit was filed at 3:03 PM. *See* ECF No. 58, ECF No. 59.

[3] Request to Submit for Decision at 1, ECF No. 59.

party to respond. On May 20, 2025, Plaintiff filed a Motion to Strike at 11:19 AM and then filed a Request to Submit at 11:21 AM. The court denied that Motion.

Plaintiff's apparent litigation strategy is not only patently unfair but runs counter to the Rules. Local Rule 37-1 which governs discovery disputes, provides that an opposing party "must file its response 5 business days after the filing the motion" not within minutes.[4] And Local Rule 7-1 provides response times for other motions. None of which require a response within minutes of an opposing party's motion. "Under the court's local rule DUCivR 7-3, a party can submit a request to submit for decision when the briefing on a motion has been completed or when the time for such briefing has expired."[5] Submitting such requests prematurely is unnecessary and needlessly multiplies the proceedings in this case. The underlying premise of the Federal Rules is "to secure the just, speedy, and inexpensive determination of every action and proceeding."[6] Plaintiff's current litigation strategy is unacceptable when measured against that standard and continuing to engage in such an approach will result in sanctions against Plaintiff's counsel under 28 U.S.C. § 1927.[7]

In addition, the court is unaware of any authority requiring compliance with a subpoena while a motion to quash that subpoena is pending. Indeed, in Defendant's speedily filed opposition to Plaintiff's Motion to Expedite and Request to Submit, Defendant notes that the "third-party subpoena recipients" need an "opportunity to assert their rights, should they wish to

---

[4] DUCivR 37-1(b)(3) (2024)

[5] *Hawkins v. Salt Lake Cnty. Jail*, No. 2:19CV491DAK, 2020 WL 5803317, at *1 (D. Utah Sept. 29, 2020).

[6] FRCP 1.

[7] 28 U.S.C. § 1927 provides "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

do so."[8] In any event, the court stays execution of the subpoenas until the underlying Motion to Quash is decided.

What remains is the briefing schedule for the Motion to Quash. Local Rule 37-1(b)(7) provides a "motion to quash a subpoena … is exempt from the Short Form Discovery Motion requirements … and must follow DUCivR 7-1(a)(4)(D)."[9] Local Rule 7-1(a)(4)(D) pertains to the requirements for "all other motions." Under that Rule, a response is due "within 14 days after service of the motion" and a reply "may be filed within 14 days after service of the response."[10] The Rule also sets forth the length of such motions. The parties are to follow DUCivR 7-1(a)(4)(D) for Plaintiff's Motion to Quash.

## ORDER

Accordingly, Plaintiff's Motion to Expedite is DENIED. The court finds Plaintiff's Request to Submit is improper and Plaintiff's counsel is warned that further multiplying the proceedings in this case may result in sanctions.

IT IS SO ORDERED.

DATED this 29 May 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[8] Defendant's Response and Opposition to Plaintiff's Motion to Expedite and Request to Submit for Decision at 2, ECF No. 60.

[9] DUCivR 37-1(b)(7).

[10] DUCivR 7-1(a)(4)(D).