THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JORDAN CAMERON, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY, a New Jersey corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR LEAVE TO FILE SURREPLY<br><br>Case No. 2:23-CV-00320-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendant CHW Group, Inc.'s Motion for Leave to File a Surreply.[1] CHW requests leave to "file a short surreply brief, of no more than five (5) pages in length" to provide the court with responses to arguments made by Plaintiff in the reply brief.

As noted in the Local Rules, unless the court orders otherwise, "the court will not consider additional memoranda."[2] Here, Plaintiff filed a Motion to Quash under Federal Rules 26(b)(1) and 45(3)(1)(iii)-(iv), so Defendant is permitted to file a memorandum in opposition to the motion, and Plaintiff is then allowed to file a reply memorandum. Defendant makes three primary arguments in support of a surreply. First, a surreply is needed here because Plaintiff presents new arguments including new objections based on privilege. Second, Defendant seeks to rebut factual assertions made by Plaintiff. And third, the parties contest from whom and where discovery should first be sought rather than simply via a subpoena..

---

[1] ECF No. 67.

[2] DUCivR 7-1(a)(9) (2024).

As noted by Plaintiff, a surreply is unnecessary when new material rebuts matters raised in the opposition memorandum.³ Responding in a reply memorandum to arguments of privilege raised in the opposition memorandum does not warrant a surreply. Further, the court can discern the factual issues in what has quickly become a very litigious case and there is no need to have additional briefing on discovery issues at this time.

The court therefore DENIES the Motion to File Surreply.

DATED this 7 July 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

³ *See Simmler v. Reyes*, No. 219CV01009RJSJCB, 2021 WL 535501, at *1 (D. Utah Feb. 12, 2021) (denying a motion for leave to file a surreply when "new material rebuts matters … raised in [the] opposition memorandum").