THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Jordan Cameron, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br> v. <br><br> CHW Group, Inc. <br> a New Jersey corporation <br> doing business as <br> Choice Home Warranty, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:23-cv-00320-HCN-DBP <br><br> District Judge Howard C. Nielson, Jr <br><br> Chief Magistrate Judge Dustin B. Pead |

Before the court are two related motions. First the parties move the court for a scheduling conference because the parties have been unable to reach agreement on all the issues discussed in their Fed. R. Civ. P. 26(f) conference.[1] Second, Defendant moves the court for an order bifurcating discovery between the individual claim of Plaintiff Jordan Cameron and the putative class members' claims.[2] Bifurcation of discovery is one issue upon which the parties could not agree during the Rule 26(f) conference. Having carefully considered the parties' written memoranda and proposed scheduling orders, along with relevant case law, the court orders as follows.[3]

---

[1] ECF No. 51.

[2] ECF No. 52.

[3] District Judge Howard Nilson referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda.

## BACKGROUND

In their scheduling conference the parties could not reach agreement on the following issues:

> 1. Defendant requests discovery be bifurcated. Plaintiff opposes these requests.
> 2. Defendant wants to limit each side to 5 depositions each. Plaintiff wants to limit each side to 10 depositions each.
> 3. Defendant does not want to limit the number of requests for admissions. Plaintiff wants to limit each side to 50 requests.
> 4. Defendant does not want to limit the number of requests for production. Plaintiff wants to limit each side to 50 requests.
> 5. Plaintiff is requesting that the deadline to file a motion for class certification occur approximately one month after the fact discovery deadline. Defendant requests this court set the deadline for class certification to occur after the close of expert discovery.[4]

The court resolves these issues in the scheduling order that is entered contemporaneously with this order. Therefore, the parties' request for a scheduling conference to consider these issues is GRANTED. The court further addresses the Motion to Bifurcate in this order.[5]

This is a putative class action. Plaintiff alleges Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (TCPA) by calling Plaintiff and putative class members with solicitations despite having their phone numbers registered on the National Do-Not-Call Registry. Plaintiff alleges Defendant utilized a campaign to "market its home warranty services through the use of unsolicited calls, pre-recorded text messages, and other deceptive practice in plain violation" of the TCPA.[6] This case was before District Judge Bruce Jenkins before he passed away. Defendant sought to dismiss this case and following the denial of that motion, and the denial of a Motion to Reconsider Interlocutory Order, the parties held their Rule

---

[4] Joint Motion for Scheduling Conference at 2, ECF No. 51.

[5] Plaintiff filed a Motion to Strike the Motion to Bifurcate. The court denied this motion. ECF No. 56.

[6] Complaint at ¶ 2, ECF No. 1.

26(f) scheduling conference earlier this year. As noted above the parties failed to reach agreement on all discovery issues and the present motion followed.

## DISCUSSION

In considering whether to bifurcate discovery in a putative class action, courts look to both Federal Rules of Civil Procedure 23 and 42(b).[7] Rule 42(b) provides a trial court with wide discretion to bifurcate proceedings for "convenience, to avoid prejudice, or to expedite and economize."[8] When considering whether to bifurcate class discovery and a plaintiff's individual claims, courts consider "'(1) [the] overlap between individual and class discovery, (2) whether bifurcation will promote [Fed. R. Civ. P. 23's] requirement that certification be decided at 'an early practicable time,'(3) judicial economy, and (4) any prejudice likely to flow from the grant or denial of a stay of class discovery.'"[9] As this court has noted, "[b]ifurcation under Rule 42 is not the norm or even a common occurrence."[10] However, in the context of TCPA putative class actions, courts have bifurcated discovery, and Defendant cites to a number of cases from other circuits,[11] where courts have recognized the efficiencies of bifurcated discovery in TCPA class

---

[7] *Klassen v. SolidQuote LLC*, No. 23-cv-00318-GPG-NRN, 2023 WL 5497865, at *2 (D. Colo. Aug. 23, 2023).

[8] Fed. R. Civ. P. 42(b).

[9] *Dillard v. Maverik, Inc.*, No. 2:24-CV-00285-TS-JCB, 2024 WL 4145162, at *2 (D. Utah Sept. 11, 2024), objections overruled, No. 2:24-CV-285-TS-JCB, 2024 WL 4534694 (D. Utah Oct. 21, 2024) (quoting *Klassen*, 2023 WL 5497865, at *2.

[10] *Gadd v. S. Jordan City*, No. 2:15-CV-00667, 2018 WL 6441763, at *1 (D. Utah Dec. 7, 2018) (citation and quotations omitted).

[11] *See Sapan v. Fin. of Am. Reverse LLC*, No. 8:24-CV-01213-FWS-KES, 2025 WL 1932935, at *3 (C.D. Cal. July 14, 2025) (bifurcating discovery between the plaintiff's individual claim and class discovery); *Moore v. Demand Science Grp, LLC*, 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024) ("The Court is concerned about wholly unnecessary discovery, so it grants the motion for bifurcation … because it is more efficient to proceed with the limited and targeted discovery as proposed by Defendant given that the overlap between the proposed initial discovery and merits discovery is minimal"); *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 WL 3728199, at *3 (N.D. Ohio May 30, 2023) ("In cases asserting both individual liability and potential 'class action' claims under the TCPA, courts have often approved bifurcating discovery in such cases where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.") (collecting cases); *Osidi v. Assurance IQ, LLC*, 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022) (bifurcating discovery in TCPA case, finding "the need for class discovery may be eliminated if [d]efendant is able to demonstrate that the [n]amed [p]laintiff lacks viable individual claims"); *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021)

actions.[12] Courts granting such motions have acknowledged the well-recognized fact that "discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens."[13] And Federal Rule 1's guiding directive "to secure the just, speedy, and inexpensive determination of every action and proceeding."[14]

"The decision to bifurcate discovery in putative class actions prior to certification is committed to the discretion of the trial court."[15] Class certification requires the court to be "satisfied, after a rigorous analysis, that the pre-requisites of Rule 23(a) have been satisfied."[16] To certify a class, a plaintiff must establish that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[17] As noted by this court, often, "the class determination 'involves considerations

---

(granting defendant's motion to bifurcate discovery in TCPA case and finding "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery, which can be particularly resource intensive"); *Newell v. Aliera Healthcare, Inc*., 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (reasoning that the limited discovery into the individual plaintiff "has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery") (quotation and citation omitted); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) ("[C]lass discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims, including whether the phone numbers at issue are within the TCPA, whether named [p]laintiffs' are within the classes they purport to represent, and whether any named [p]laintiffs with a viable claim can demonstrate the Court's jurisdiction to resolve that claim."); *Leschinsky v. Inter-Continental Hotels Corp*., 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) (granting bifurcated discovery in a TCPA case).

[12] *See, e.g., Fania v. Kin Ins., Inc.*, No. 22-12354, 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) ("In the Court's view, bifurcating discovery into plaintiff specific and class wide phases is the most efficient way to proceed with this litigation. In cases asserting both individual liability and potential class action claims under the TCPA, courts have bifurcated discovery 'where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.') (quoting *Pavelka v. Paul Moss Ins. Agency, LLC*, No. 1:22 CV 02226, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023) (collecting cases).

[13] *Babare v. Sigue Corp*., 2020 WL 8617424, at *2 (W.D. Wash. Sept. 30, 2020).

[14] Fed. R. Civ. P. 1.

[15] *True Health Chiropractic Inc. v. McKesson Corp*., No. 13-cv-02219-JST, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015); *see also Crawford-El v. Britton*, 523 U.S. 574, 598–99 (1998) (noting district courts have broad discretion to control discovery and to dictate the sequence of discovery)

[16] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (citation omitted).

[17] Fed. R. Civ. P. 23(b)(3).

that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'"[18] Courts are therefore "reluctant to bifurcate class-related discovery from discovery on the merits."[19] "This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"[20] and can result in "petty [ ] fights over what constitutes merits discovery versus class discovery."[21] Turning to the factors outlined in *Klassen*[22] and applied by this court in *Dillard*[23], the court finds that bifurcation is warranted here.

Defendant argues that while bifurcated discovery may not be appropriate in all cases, it is appropriate here because this is not a routine merits versus class bifurcation request. Instead, Defendant's focus is on "narrow issues that are unique to Plaintiff's individual TCPA claim (e.g., whether he consented, is a "residential telephone subscriber," received a "telephone solicitation") for which no class discovery would be necessary for a short period before proceeding to broader discovery."[24]

First, in contrast to *Dillard*, there is enough separation between class discovery and individual discovery to warrant bifurcation. This includes discovery concerning whether Plaintiff consented to the calls, whether his particular number is registered on the National DNC Registry, whether Plaintiff is a "residential telephone subscriber", and whether Plaintiff received telephone solicitations that fall within the TCPA. As noted by other courts, these narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery. TCPA

---

[18] *Dillard*, 2024 WL 4145162, at *3 (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 351 (quotation and citation omitted)).

[19] *Klassen*, 2023 WL 5497865, at *2 (quotation and citation omitted).

[20] *Id.*

[21] *Id.* at 3.

[22] 2023 WL 5497865.

[23] 2024 WL 4145162.

[24] Motion at 11.

cases, in the court's view, present a unique opportunity that warrants bifurcated discovery due to those cost savings.

In closely related fashion, the court agrees with Defendant that Rule 23 requires certification be decided at "an early practicable time" not for "the earliest practicable class certification" as advanced by Plaintiff. Rule 23 must be balanced with Rule 1's requirements and limited discovery that may ultimately preclude costly class discovery serves Rule 1's purposes. There is nothing in limited individual focused discovery that prevents class certification at "an early practicable time."

As to the third factor, the court is persuaded that counsel here are of a sophisticated enough nature to not disintegrate into childish "petty discovery fights over what constitutes merits discovery versus class discovery."[25] Counsel in the authority relied on by Defendant were able to manage this divide and the court is confident counsel can do so here. The court finds judicial economy is promoted by an efficient narrow focus on Plaintiff before proceeding to class discovery. If the case can be resolved on those narrow dispositive issues relevant to Plaintiff and his individual claims, the limited resources of the court will be preserved. And, if Plaintiff moves forward past such discovery, he will be better positioned to represent the needs of the class.

The prejudice identified by Defendant does not appear to be unique and mostly cost based. However, in taking all the factors together, along with the reasoning found in the authority cited to by Defendant that is persuasive, discovery should be bifurcated in this case. Plaintiff's allegations of prejudice focus on alleged discovery disputes and additional delays and costs. As noted above, there is the potential for cost savings for all parties and the court is persuaded that

---

[25] *Klassen*, 2023 WL 5497865, at *3.

some discovery that focuses on Plaintiff will be utilized in making a class certification decision later. For example, the typicality requirement will benefit from discovery into Plaintiff.

Finally, the court is not persuaded by Plaintiff's arguments to the contrary. There is no request to stay discovery such as in *Dillard*, and Defendant's discovery requests that appear to be class-related do not amount to waiver. Moreover, the "more than two years later"[26] request to bifurcate discovery does not preclude such a request given what happened procedurally in this case and with the unfortunate passing of Judge Jenkins.

## ORDER

For the foregoing reasons, Defendant's Motion to Bifurcate Discovery is GRANTED. Defendant may conduct discovery focusing on Plaintiff's individual TCPA claims, and this will be followed by class discovery.

DATED this 13 August 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[26] Plaintiff's Opposition Memorandum at 2.