THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JORDAN CAMERON, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY, a New Jersey corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-CV-00320-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Motion to Quash Subpoenas.[1] This is a putative class action against Defendant for alleged violations of the Telephone Consumer Protection Act of 1991 (TCPA). Defendant recently noticed three subpoenas seeking documents and records pertaining to Plaintiff's phone number and internet usage. As set forth herein, the court does not quash the subpoenas, however, finding they seek irrelevant and potentially protected information, the court modifies them. Therefore, the Motion is GRANTED IN PART.

## BACKGROUND

Plaintiff brings this matter alleging violations of the TCPA. Defendant CHW Group, Inc. noticed a subpoena to AT&T and two subpoenas to Lumen Technologies, Inc. AT&T is Plaintiff's phone service provider and Lumen is Plaintiff's internet service provider. The subpoena to AT&T requests:

> All documents and records (paper or electronic) covering the time period 9/1/2022 to 2/28/2023 (i) identifying the subscriber for the phone number (801)

---

[1] ECF No. 57. This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. ECF No. 21. The court elects to decide the motion based on the written memoranda. DUCivR 7-1(g).

[XXX2]-9185 and/or (ii) reflecting all communications (calls or text messages, including the contents of all texts) to or from said phone number.[2]

Plaintiff notes that this is his phone number.

The first subpoena to Lumen seeks:

All records (paper or electronic) identifying the subscriber or reflecting internet usage (including any websites, IPs, or URLs accessed or visited) for any internet services provided by your company at [XXX], Sandy, UT, 84093 on or between September 1, 2022 and February 23, 2023.[3]

Plaintiff provides that this is his home address where he resides with his family.

The second subpoena to Lumen requests:

All records (paper or electronic) identifying the subscriber or account holder associated with, that reflect any internet usage or access of the internet by, and/or that otherwise relate to the IP address 65.130.86.93 on or between September 1, 2022 and February 23, 2023.[4]

During the meet and confer process, Plaintiff objected to the subpoenas and proposed some narrowing of them as follows.

AT&T:
1. Documents and records sufficient to identify the subscriber(s) for the phone number 801-[XXX]-9185 from 9/1/2022 to 2/28/23. 2. Any and all call or text logs for the phone number 801-[XXX]- 9185 from 9/1/2022 to 2/28/23, that identify the phone numbers involved in the communication, the date and time of the communication, and the duration of the communication in the case of a call. In answering this request, do not provide documents disclosing the contents of any texts.

Lumen 1:
1. Documents sufficient to identify the subscriber(s) for any internet services provided by your company at [XXX], Sandy, UT 84093 on or between September 1, 2022 and February 23, 2023.

---

[2] AT&T Subpoena attached as Ex. 1 to Plaintiff's Motion, ECF No. 57-1. The court redacts part of the phone number for privacy concerns.

[3] First Lumen Technologies, Inc. Subpoena attached as Ex. 2 to Plaintiff's Motion, ECF No. 57-2. Certain information redacted due to privacy concerns.

[4] Second Lumen Technologies, Inc. Subpoena attached as Ex. 3 to Plaintiff's Motion, ECF No. 57-3. Certain information redacted due to privacy concerns.

> 2. All records (paper or electronic) reflecting any access to the URL www.saveyourinsurance.com [add any other URLs of interest] through any internet services provided by your company at [XXX], Sandy, UT 84093 on or between September 1, 2022 and February 23, 2023.
>
> Lumen 2:
> 1. Documents sufficient to identify the subscriber(s) or account holder(s) associated with IP address 65.130.86.93 on or between September 1, 2022 and February 23, 2023.[5]

Plaintiff sought these changes to "avoid the disclosure of private communications and internet activity, including of individuals who are not even a party to this action."[6] Plaintiff's proposed narrowing was rejected by Defendant and the current motion followed.

## LEGAL STANDARDS

"The district court has broad discretion over the control of discovery ...."[7] Federal Rule of Civil Procedure 26(b) sets forth the general scope of discovery and permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...."[8] "Information within this scope of discovery need not be admissible in evidence to be discoverable."[9] Although the scope of discovery under the federal rules is broad, parties may not engage in a "fishing expedition" in an attempt to obtain evidence to support their claims or defenses.[10] Therefore, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."[11]

---

[5] Plaintiff's Motion to Quash Subpoenas at 4.

[6] *Id.*

[7] *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (citations modified).

[8] Fed. R. Civ. P. 26(b)(1).

[9] *Id.*

[10] *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000).

[11] Fed. R. Civ. P. 26(c)(1).

Federal Rule of Civil Procedure Rule 45 governs the form and issuance of subpoenas and operates within the confines of Rule 26.[12] In certain circumstances the court must quash or modify a subpoena on a timely motion. These include if a subpoena: (1) fails to allow a reasonable time to comply; (2) is outside certain geographical limits; (3) requires the disclosure of privileged or other protected matter, presuming no exception or waiver applies; (4) subjects an individual to undue burden or (5) requires the disclosure of a trade secret or other certain sensitive information.[13]

"Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena."[14] However, "even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden and on the grounds of over [ ] br[eadth] and relevance."[15]

Although "[i]rrelevance [is] not contained within Rule 45's list of enumerated reasons for quashing a subpoena[,] [i]t is well settled [ ] that the scope of discovery under a subpoena is the

---

[12] *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.* 211 F.R.D. 658, 662 (D. Kan. 2003); *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995).

[13] Fed. R. Civ. P. 45(d)(3)(A), (d)(3)(B).

[14] *Ennis v. Alder Prot. Holdings, LLC*, 2022 WL 4290099, at *2 (D. Utah Sept. 16, 2022) (quoting *First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, No. 2:15-CV-00229, 2015 WL 6872333, at *3 (D. Utah Nov. 9, 2015)) (citation modified); *see also Richards v. Convergys Corp.*, No. 2:05–CV–00790–DAK, 2007 WL 474012 (D. Utah Feb. 6, 2007); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003); *Hertenstein v. Kimberly Home Health Care, Inc.*,189 F.R.D. 620, 635 (D. Kan. 1999).

[15] *Hutchinson v. Kamauu*, No. 2:20-CV-00796-RJS-DAO, 2022 WL 180641, at *2 (D. Utah Jan. 20, 2022) (quoting *Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-CV-00477, 2015 WL 2093292 at *2 (D. Utah May 5, 2015)) (both involving post-judgment collection efforts, not requested discovery pre-judgment). However, *see also Sparkman v. Liberty Mut. Fire Ins. Co.*, No. CIV-20-710-R, 2021 WL 1646653, at *4 (W.D. Okla. Apr. 27, 2021) ("A party has no standing to attempt to quash a subpoena served on a third party except as to claims of privilege or upon a showing that a privacy interest is implicated."); *Scott v. Antero Res. Corp.*, No. 1:17-CV-00693-WJM-SKC, 2020 WL 7212169, at *2 (D. Colo. Feb. 6, 2020) ("Objections unrelated to a claim of privilege or privacy are not proper bases upon which a party may quash a third-party subpoena."); *Howard v. Segway, Inc.*, No. 11-CV-688-GKF-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (same); *Richards v. Convergys Corp.*, No. 2:05-CV-00790-DAK, 2:05-CV-00812-DAK, 2007 WL 474012, at *1 (D. Utah Feb. 6, 2007) (same).

same as the scope of discovery under Rules 26(b) and 34."[16] Thus, even in cases where a moving party lacks standing to challenge a third-party subpoena, the court may exercise its inherent authority to limit irrelevant or non-proportional discovery requests under Rule 26(b)(2)(C).[17]

## DISCUSSION

Plaintiff has demonstrated that he has a personal right or privilege to the information sought in the subpoenas.[18] The court is persuaded that the information sought, such as text discussions and internet sites visited, concerns personal information.[19] The requests may also uncover privileged information in this case because Plaintiff is an attorney. Thus, Plaintiff has standing to contest the subpoenas, but Plaintiff lacks standing to object to the subpoenas based on undue burden, and on the grounds of over breadth and relevance.[20]

The court finds the subpoenas here to be problematic. They seek "all documents and records" pertaining to calls or text messages and "all records" pertaining to an IP address. Such requests have the likely potential to require the production of privileged or irrelevant information. Even where a party lacks standing to challenge a third-party subpoena, the court must still limit irrelevant and non-proportional discovery requests. Defendant's subpoenas as

---

[16] *Stewart v. Mitchell Transp.*, No. 01-2546-JWL, 2002 WL 1558210, at *3 (D. Kan. July 11, 2022).

[17] Fed. R. Civ. P. 26(b)(2)(C)(iii) (explaining that the court "must limit the frequency or extent of discovery" if the court determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1)); *see also Route App, Inc. v. Heuberger*, No. 2:22-CV-00291-TS-JCB, 2024 WL 309748, at *2 (D. Utah Jan. 26, 2024) (applying standards to respective motions to quash subpoenas).

[18] *See, e.g., Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999) (noting a motion to quash "may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena").

[19] *See, e.g., Theofel v. Farey-Jones*, 359 F.3d 1066, 1072 (9th Cir. 2004) (citing to the Stored Communications Act as a basis for an individuals' privacy and proprietary interests in electronic communications that are in electronic storage with an internet service provider).

[20] *Hutchinson*, No. 2:20-CV-00796-RJS-DAO, 2022 WL 180641, at *2.

drafted seek irrelevant information from non-parties to this action that may have used Plaintiff's internet.

In weighing the possibility of irrelevant and privileged information, the court notes that this is a TCPA case. Thus, questions about permission or invitation, receipt of a telephone solicitation, a business relationship with Defendant or its affiliates, and whether Plaintiff's status as a "residential subscriber" are at issue. This type of information is relevant to Defendant's case and proportional to the needs of this case. Defendant cites numerous authorities permitting the production of call logs and similar "related data." This authority is persuasive to the extent that the subpoenas should not be entirely quashed.

The court reviewed Plaintiff's proposed changes to the subpoenas and finds they accommodate the balance between excluding irrelevant and potentially privileged information and allowing Defendant needed discovery. For example, Defendant may obtain information identifying call or text logs but not the contents of the respective texts. Thus, the court modifies the subpoenas adopting the proposals set forth by Plaintiff. Defendant may add additional URLs of interest or any other targeted information toward establishing its defenses. Further, if Defendant can specifically identify certain text numbers that directly relate to its defenses, it is possible that a heightened showing could be made for the specific text contents at a later date.

Finally, Plaintiff insinuates Defendant violated some protocol or the rules by not seeking discovery from Plaintiff first before third parties. There is no requirement that a party seek discovery from another party before serving a nonparty subpoena.[21] As such any request for fees is unfounded.

---

[21] *See, e.g., Env't Dimensions, Inc. v. Energysolutions Gov't Grp., Inc*., No. CV 16-1056, 2019 WL 1406959, at *4 (D.N.M. Mar. 28, 2019) (unpublished) (rejecting argument that a party must first seek documents from another party before seeking them from a nonparty, noting "there is no absolute rule" prohibiting the practice).

## ORDER

For the reasoning set forth above, Plaintiff's Motion is GRANTED IN PART. The court adopts the proposed narrowing of subpoenas as set forth by Plaintiff in its moving papers.

IT IS SO ORDERED.

DATED this 10 October 2025.

_____
Dustin B. Pead
United States Magistrate Judge