THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JORDAN CAMERON, on behalf of himself and others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY, a New Jersey corporations and DOES 1-10,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-00320-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Dustin B. Pead |

Before the court are two short form discovery motions filed by Plaintiff Jordan Cameron. Plaintiff first seeks to compel Defendant CHW Group Inc. to respond to interrogatory responses.[1] And second, Plaintiff seeks to compel CHW to respond to its Requests for Admissions.[2] Plaintiff also seeks costs and fees incurred in bringing the motions. As set forth herein, the court will grant in part Plaintiff's Motion pertaining to Interrogatories, deny the Motion regarding Requests for Admission, and deny requests for attorney fees and costs.

## BACKGROUND

This is a putative class action. Plaintiff alleges Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (TCPA) by calling Plaintiff and putative class members with solicitations despite having their phone numbers registered on the National Do-Not-Call Registry. Plaintiff alleges Defendant utilized a campaign to "market its home warranty

---

[1] Motion for Short Form Discovery re: to Interrogatory Responses, ECF No. 80.

[2] Motion for Short Form Discovery re: Requests for Admissions, ECF No. 81.

services through the use of unsolicited calls, pre-recorded text messages, and other deceptive practice in plain violation" of the TCPA[3]

Shortly after filing this matter, the parties moved for a scheduling conference based on disagreements over scheduling. Among these disagreements was Defendant's request to bifurcate discovery between the individual claim of Plaintiff Jordan Cameron and the putative class members. After considering the parties' positions, the court granted Defendant's Motion to Bifurcate Discovery.[4] In reaching that decision the court looked to Federal Rules of Civil Procedure 23 and 42(b) and was persuaded by several courts that have bifurcated discovery in the context of TCPA putative class actions. Specifically, the court utilized the factors in *Klassen v. SolidQuote LLC*,[5] a case from another court in this Circuit, that were also applied by this court in *Dillard v. Maverik, Inc.*[6] The court then entered a scheduling order noting that "class related discovery shall not be allowed."[7]

## DISCUSSION

Rule 26 of the Federal Rules provides the general provisions governing discovery. Federal Rule 26(b)(1) provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …."[8] In reviewing discovery requests the court considers items such as the

---

[3] Complaint at ¶2, ECF No. 1.

[4] Memorandum Decision and Order dated August 13, 2025, ECF No. 71.

[5] No. 23-cv-00318-GPG-NRN, 2023 WL 5497865, at *2 (D. Colo. Aug. 23, 2023).

[6] No. 2:24-CV-00285-TS-JCB, 2024 WL 4145162 (D. Utah Sept. 11, 2024), objections overruled, No. 2:24-CV-285-TS-JCB, 2024 WL 4534694 (D. Utah Oct. 21, 2024) ("When considering whether to bifurcate class discovery and a plaintiff's claims, courts will consider '(1) [the] overlap between individual and class discovery, (2) whether bifurcation will promote [Fed. R. Civ. P. 23's] requirement that certification be decided at 'an early practicable time,'(3) judicial economy, and (4) any prejudice likely to flow from the grant or denial of a stay of class discovery.'") (quoting *Klassen*, No. 2:23-CV-00318-GPG-NRN, 2023 WL 5497865, at *2).

[7] Scheduling Order at 2, ECF No. 72.

[8] Fed. R. Civ. P. 26(b)(1).

importance of issues in the case, the amount in controversy, the parties' resources and relative access to relevant information, and the burden, expense and benefit of discovery. Informotion within the scope of discovery need not be admissible in evidence to be discoverable.[9] With these standards in mind, along with the court's prior decision bifurcating discovery, the court turns to Plaintiff's Motions.

## I.    Plaintiff's Short Form Motion to Compel Interrogatory Responses[10]

Plaintiff seeks to compel responses to Interrogatories 1-5, 8, and 10-11. Plaintiff argues CHW's responses are evasive and incomplete. CHW supplemented its responses, however, according to Plaintiff, these supplemental responses are improper because they "unreasonably rephrased … responses to relate solely to Cameron."[11] In opposition, CHW primarily argues that it should not be compelled to respond to class discovery requests based on the court bifurcating discovery. Plaintiff's Interrogatories are an attempt to evade the court's scheduling order limiting discovery during Phase 1 to individual discovery.

In the scheduling order the court set specific limitations on phase 1 discovery. Discovery during that period "shall be limited to issues relevant to determining the merits of, and Plaintiff's standing to bring, Plaintiff's individual [TCPA claim]."[12] This specifically includes:

> (i) whether any such messages were sent with Plaintiff's "prior express invitation or permission" or the Defendant and the Plaintiff have an "established business relationship" within the meaning of the TCPA; (ii) whether any such messages qualify as a "telephone solicitation" within the meaning of the TCPA; (iii) whether Plaintiff qualifies as a "residential telephone subscriber" within the meaning of the TCPA's DNC regulations; (iv) whether Plaintiff properly

---

[9] *See id.*

[10] ECF No. 80.

[11] Motion at 3.

[12] Scheduling order at 2.

registered the subject number on the National DNC Registry; and (v) whether Plaintiff has proper standing to bring his claim, given the factual circumstances.[13]

Given the court's scheduling order, the court agrees with Defendant that it should not be compelled to respond to class discovery requests. Further, the supplemental responses are not generally improper as Plaintiff alleges because they focus on him. As the court has already provided, discovery in Phase I is directed toward Plaintiff and not the putative class. Thus, focusing on discovery toward Plaintiff is not improper. The court also agrees with Defendant that many of the Interrogatories are over broad because they are not confined to the relevant time period in this case.

However, all is not well with Defendant's objections. Defendant continually provides that the term "placed" is "vague, ambiguous, undefined, and capable of multiple interpretations" and the terms "placed", "agents", and "representatives' have legal connotations. Given the context of Plaintif's requests and this case "placed" is not as vague, ambiguous, or undefined as Defendant claims. If Defendant or anyone on Defendant's behalf made or i.e. "placed" a call to Plaintiff, then a response should be provided. Turning to the individual Interrogatories the court finds as follows:[14]

Interrogatory No. 1 states "Identify all your agents, representatives, and employees who placed Telephonic Communications for you or on your behalf." Defendant properly limited this Interrogatory to Jordan Cameron following a meet and confer. Defendant's response provides that no telephone solicitation calls were placed by or on its behalf to Jordan Cameron at the subject phone number. The court finds this response sufficient.

---

[13] *Id.*

[14] Plaintiff's Interrogatories are attached to its Motion as Exhibit 1, ECF No. 80-1. Plaintiff also attaches Defendant's response and supplemental responses in subsequent exhibits. The court quotes from those materials.

Interrogatory No. 2 "Identify all persons or entities that you hired, retained, or engaged to place Telephonic Communications." This Interrogatory lacks a specific time frame tied to this case. Plaintiff is to redraft it to include a relevant time frame and it is to be narrowed as to Plaintiff. Defendant is ordered to provide a supplemental response once Plaintiff confines the Interrogatory to the relevant time frame.  Defendant's stated concerns of revealing any personal identifying confidential information are resolved by the protective order in this case. Defendant's supplemental response that is basically identical to Interrogatory No. 1 does not fully answer this Interrogatory. The information sought here may identify other entities that made telephonic communications to Plaintiff and therefore Defendant is to provide a more detailed, updated response.

In response to Interrogatory No. 3 "Identify all your Affiliates who placed Telephonic Communications. The court overrules Defendant's objection to the term "placed" being vague, ambiguous, undefined and capable of multiple interpretations. As noted above, if an affiliate made a phone call to Plaintiff, then that information is to be identified. Defendant is ordered to answer the Interrogatory as it relates to the subject number or numbers owned or used by Plaintiff.

Interrogatory No. 4: Identify all telephone numbers (including short codes) used by you or on your behalf for outbound telephone calls and/or texts during the relevant time-period. Defendant is to answer this Interrogatory for any telephone numbers used by Defendant or on Defendant's behalf that made calls to Plaintiff. As worded, all outbound telephone calls and or texts not directed to Plaintiff would be putative class discovery and is not a part of Phase I discovery under the court's scheduling order.

5

Interrogatory No. 5: Identify the name, address, and contact information of all third parties (vendors, lead generators, telemarketing firms, or autodialing platforms) involved in placing calls to Plaintiff. Defendant objects providing "placing calls" is vague, ambiguous, undefined, and capable of multiple interpretations. The court is not persuaded by this general objection, and it is overruled. Further, Defendant provides the term "placing calls" "has legal connotations and requires a legal interpretation".[15] Defendant is ordered to explain this objection in more detail. The parties are further ordered to work together to limit the temporal scope of this information to the relevant dates in the Complaint and to information Defendant has in its possession or control. Once narrowed, Defendant is to provide a further response.

Interrogatory No. 8: Identify the dialing system(s) and software used to place outbound calls during the relevant time-period, and state whether such were used for calls places to the Subject Phone Number. The court finds this Interrogatory relevant and is not persuaded by Defendant's objections. Defendant's objections are overruled, and Defendant is ordered to answer the Interrogatory.

Interrogatory No. 10: Identify all internal or external "Do Not Call" lists maintained by you and state whether the Subject Phone Number appeared on any such list. Defendant's objections to this Interrogatory are overruled. Defendant is to answer whether the subject phone number appears on any do not call lists maintained or used by Defendant. Further, Defendant is to identify those lists.

Interrogatory No. 11: Describe any training provided to your employees, agents, and/or Affiliates regarding TCPA compliance, including dates, trainers, and materials used. Defendant's

---

[15] ECF No. 80-2 at 13.

objection to the term training is overruled. Defendant is ordered to answer this Interrogatory as it is related and applies to Plaintiff.

## II.        Plaintiff's Short Form Motion to Compel Requests for Admissions[16]

Plaintiff seeks to compel Defendant CHW to adequately respond to Request for Admission (RFA) numbers 1, 3-23, 28-35. 37-39 and 40-42. Plaintiff asserts CHW used "vague" and "ambiguous" objections to plain English common terms such as in RFA 2. RFA 2 stated: "Admit that you have an office in New Jersey." In response, Defendant provided the objection "vague, ambiguous and has legal connotations." CHW then provided supplemental responses, that according to Plaintiff, demonstrates CHW's inadequacies. For example, in the supplemental response to RFA 2 CHW admitted that CHW has an office in New Jersey.

In addition, Plaintiff argues the supplemental responses either simply renewed the original objections or contradicted them. Plaintiff provides the example of CHW denying it makes marketing calls, but does make calls to consumers that have provided their prior express invitation or permission, or those with whom it has an established business relationship. Plaintiff then asserts "CHW either does or does not make telephone calls – both cannot be true."[17]

Defendant responds asserting that many of Plaintiff's RFA's are imprecise, compound, conjunctive or disjunctive. By example, the use of "you" in the original RFA 2 means individually and collectively any person or persons acting on CHW's behalf. In contrast when the RFA is redrafted to be precise – admit that CHW has an office in New Jersey – then the RFA can be answered. Further, Defendant objects arguing Plaintiff's RFA's seek discovery not permissible in Phase I. And finally, Plaintiff's Motion reveals a misunderstanding of the specific

---

[16] ECF No. 81.

[17] Motion at 3.

terminology critical to the TCPA. For example, the TCPA uses telephone solicitations not

marketing calls and makes express exceptions for calls made due to an established business

relationship or by express invitation.

The court agrees with Defendant that Plaintiff's RFAs are flawed in many respects. First,

as noted by the Tenth Circuit in *Mainstream Mktg. Servs., Inc. v. F.T.C.*,[18] specific definitions

apply to the TCPA. Some excerpts from this case are instructive.

> There has been some confusion throughout this litigation with respect to how to define the term "telemarketing." Unless otherwise indicated, we use the term "telemarketing" to refer to commercial sales calls made to induce purchases of goods or services (not charitable or political fundraising) consistent with Congress' definition in the Telemarketing Act.

> The "established business relationship" exception allows businesses to call customers with whom they have conducted a financial transaction or to whom they have sold, rented, or leased goods or services within 18 months of the telephone call. Additionally, sellers can call consumers on the national do-not-call registry within three months after the consumer makes an inquiry or application. A seller who has an established business relationship with a consumer is still bound to comply with the company-specific rules if the consumer requests not to be called.

> The TCPA defines a "telephone solicitation" as a "telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services," excluding, inter alia, calls from tax exempt nonprofit organizations.[19]

Based on the definition of terms in the TCPA, Plaintiff's argument that CHW either does or does

not make telephone calls is inapposite and not supported by the TCPA. Plaintiff appears to

misuse the terminology in the TCPA and as such this court will not order Defendant to further

answer RFAs that do not use proper terminology.

---

[18] 358 F.3d 1228, 1235–36 (10th Cir. 2004).

[19] *Id.* (citation modified).

Next, the use of the term "you" in many of the RFAs is problematic. The court agrees that "you" may include countless unidentified third parties. The use of that term is imprecise and Defendant replacing it with CHW is appropriate.

Finally, the court agrees with Defendant that many of the requests seek putative class discovery, which at this juncture, is not appropriate based on the scheduling order. As set forth in that order, "class related discovery shall not be allowed"[20] in Phase 1 discovery.

Turning to consider the individual requests, the court finds as follows:

- RFAs 1, 3, 4, 5, 6, 7, 8, 9, 22, 30, 31, 32, 33, 34, 35 and 40 pertain to the putative class. Although those RFAs are outside the scope of Phase I discovery, Defendant provided sufficient answers to some of these RFAs despite noting objections. For example, Defendant denied RFA 22 that states: "Admit that you did not maintain training programs for employees or agents regarding TCPA compliance during the relevant time-period."[21] Defendant need not provide additional answers to these RFAs.

- RFAs 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 28, 29, 37, 38, 39, 41 and 42 were adequately answered. For many of these RFAs Defendant denies the Request. Plaintiff may not like that answer but that is the answer given and the court finds nothing before it to compel a different response.

In sum, Plaintiff's Motion to Compel Requests for Admissions is based on many faulty premises – not correctly applying the precise terminology found in the TCPA, seeking putative class discovery prematurely, and trying to compel different answers to the Requests for Admission. The Motion is not well taken and is DENIED.

---

[20] Scheduling Order at 2, ECF No. 72.

[21] ECF No. 81-3 at 25.

### III.    Attorney fees and costs

Finally, the court finds no basis to award Plaintiff or Defendant attorney fees and costs under the Federal Rules.

**CONCLUSION AND ORDER**

For the reasons set forth above, Plaintiff's Short Form Discovery regarding Interrogatory Responses is GRANTED AND DENIED IN PART.

Plaintiff's Short Form Discovery Motion regarding Requests for Admissions is DENIED.

No party is awarded attorney fees or costs.[22]

IT IS SO ORDERED.

DATED this 19 May 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[22] Any future discovery requests by Plaintiff should comply with the phased discovery in this case and be more precise in using the terminology of the TCPA.